People v Shindler (2020 NY Slip Op 00327)





People v Shindler


2020 NY Slip Op 00327


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

109740

[*1]The People of the State of New York, Respondent,
v
Douglas Shindler, Appellant.

Calendar Date: October 8, 2019

Before: Garry, P.J., Egan Jr., Mulvey and Aarons, JJ.; Lynch, J., vouched in.


John B. Casey, Cohoes, for appellant.
Meagan K. Galligan, Acting District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the Supreme Court (Schick, J.), rendered March 3, 2017 in Sullivan County, convicting defendant upon his plea of guilty of the crime of rape in the third degree (two counts).
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information (hereinafter SCI) charging him with two counts of rape in the third degree. The charges stemmed from incidents occurring in December 2015 and January 2016, wherein defendant had sexual intercourse with the 15-year-old victim. Defendant pleaded guilty to the charged crimes and agreed to waive his right to appeal with the understanding that he would be sentenced to an aggregate prison term of 5½ years followed by 10 years of postrelease supervision. Following some initial confusion as to the sentence to be imposed, defendant was sentenced to a prison term of three years — followed by five years of postrelease supervision — upon his conviction of rape in the third degree under the first count of the SCI and to a prison term of 2½ years — followed by five years of postrelease supervision — upon his conviction of rape in the third degree under the second count of the SCI, said sentences to run consecutively. This appeal ensued.
Defendant primarily contends that the waiver of indictment did not comply with the strict statutory requirements set forth in CPL 195.20, thereby requiring vacatur of his plea and dismissal of the SCI. Specifically, defendant contends that the failure to include in the waiver of indictment or SCI a reference to the approximate time and place of the alleged offenses constitutes a jurisdictional defect, rendering the waiver of indictment invalid.[FN1] Preliminarily, we note that this Court, relying on People v Boston (75 NY2d 585, 589 [1990]), has previously held that the failure to strictly comply with the statutory requirements for waiving indictment pursuant to CPL 195.20 — including the failure to include the approximate time of each offense charged in the waiver of indictment or SCI — constitutes a jurisdictional defect that may be raised at any time, is not subject to the preservation requirement and is not precluded by a defendant's guilty plea or waiver of the right to appeal (see e.g. People v Walley, 176 AD3d 1513, 1514 [2019]; People v Jones, 173 AD3d 1569, 1570 [2019]; People v Vaughn, 173 AD3d 1260, 1261 [2019]; People v Edwards, 171 AD3d 1402, 1403 [2019]; People v Titus, 171 AD3d 1256, 1256-1257 [2019]; People v Busch-Scardino, 166 AD3d 1314, 1315 [2018]). However, the Court of Appeals recently decided People v Lang (___ NY3d ___, 2019 NY Slip Op 08545 [2019]) wherein it rejected the argument that omission of the approximate time of the charged offense in the waiver of indictment and/or SCI constitutes a jurisdictional defect — the same argument presently raised by defendant — specifically holding that the omission of such a fact presents a mere "technical challenge" as it constitutes "non-elemental factual information that is not necessary for a jurisdictionally-sound indictment" (People v Lang, 2019 NY Slip Op 08545 at *8).[FN2] Accordingly, insofar as the subject waiver of indictment and SCI provided defendant with adequate notice of the date and location of the charged offenses, and as omission of the approximate time of the charged offense from the waiver of indictment and/or SCI constituted a nonjurisdictional defect (see id. at *8-9) to which defendant did not object at a time when Supreme Court could have addressed the alleged deficiency, defendant's present challenge was forfeited by his guilty plea (see id. at *9).
We are unpersuaded by defendant's further contention that the waiver of indictment and his appeal waiver were otherwise invalid. The record reflects that, at the outset of the plea proceeding, defendant was informed of the terms of the plea agreement, including the fact that the waiver of his right to be indicted by a grand jury and his right to appeal were a condition of said agreement. He was also informed that his right to appeal was separate and distinct from the trial-related rights that he was automatically forfeiting by pleading guilty. Defendant thereafter, in open court and in the presence of and having consulted with his attorney, signed a written waiver of indictment and appeal, a separate written waiver of the right to appeal and a waiver of trial rights, explaining both his appellate rights and the consequences of the waivers, and defendant confirmed that he had discussed same with defense counsel (see People v Womack, 172 AD3d 1819, 1820 [2019], lv denied 33 NY3d 1110 [2019]; People v Prince, 170 AD3d 1380, 1381 [2019]). Accordingly, upon review, we are satisfied that defendant's combined oral and written waiver of indictment and waiver of appeal were knowingly, voluntarily and intelligently entered into. Finally, as the People concede in their brief, the "consecutive" periods of postrelease supervision imposed by Supreme Court merge by operation of law (see Penal Law § 70.45 [5] [c]; People v Jackson, 160 AD3d 1125, 1125 n [2018], lvs denied 31 NY3d 1149 [2018]) and, therefore, defendant is subject to five years of postrelease supervision, not the 10 years of postrelease supervision contemplated by the plea agreement and purportedly imposed by Supreme Court.[FN3] 
Garry, P.J., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: We recognize that the waiver of indictment and the SCI may be read as a single document in order to satisfy the requirements of CPL 195.20 (see People v Walley, 176 AD3d 1513, 1514 [2019]; People v Titus, 171 AD3d 1256, 1256 [2019]).

Footnote 2: Although the Court of Appeals in Lang did not cite to or specifically overrule this Court's prior line of cases finding that omission of the approximate time of the charged offense from the waiver of indictment or SCI constitutes a jurisdictional defect (see CPL 195.20; People v Walley, 176 AD3d at 1514; People v Jones, 173 AD3d at 1570; People v Vaughn, 173 AD3d at 1261; People v Edwards, 171 AD3d at 1403; People v Titus, 171 AD3d at 1256-1257; People v Busch-Scardino, 166 AD3d at 1315), its holding nevertheless serves to overrule same.

Footnote 3: Inasmuch as any ambiguity that may have existed regarding the proper sentence to be imposed has been resolved, we do not find it necessary to remit this matter for further clarification (see People v Chirse, 146 AD3d 1031, 1033 [2017], lv denied 29 NY3d 947 [2017]; People v Dukes, 14 AD3d 732, 733 [2005], lv denied 4 NY3d 885 [2005]).