People v Elric YY. (2020 NY Slip Op 00326)





People v Elric YY.


2020 NY Slip Op 00326


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

109603

[*1]The People of the State of New York, Respondent,
v
Elric YY., Appellant.

Calendar Date: November 19, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Allen E. Stone Jr., Vestal, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered June 29, 2017, which sentenced defendant upon his adjudication as a youthful offender.
Defendant's sole contention on this appeal, which the People have conceded based on this Court's decision in People v Busch-Scardino (166 AD3d 1314 [2018]), is that the waiver of indictment is invalid and the superior court information (hereinafter SCI) is jurisdictionally defective for failing to set forth the approximate time of the charged offense in accordance with CPL 195.20. Indeed, that has been the standard we have applied since Busch-Scardino, and we further recognize that this is not a case where the time of the offense "is unknown or, perhaps, unknowable" (People v Busch-Scardino, 166 AD3d at 1316).
The Court of Appeals recently addressed the validity of appeal waivers in three consolidated appeals, and, in one of the appeals, the Court also addressed the validity of that defendant's waiver of indictment with respect to charges involving child sexual abuse (People v Lang, ___ NY3d ___, ___, 2019 NY Slip Op 08545, *7-9 [2019]). The asserted jurisdictional flaw in Lang was the factual omission of the date, approximate time and place of the specific offense in the written waiver of indictment (id. at *3). To resolve that contention, the Court explained that, "[i]n assessing the facial sufficiency of facts alleged as to non-elements of the crime in an accusatory instrument, the fundamental concern is whether the defendant had reasonable notice of the charges for double jeopardy purposes and to prepare a defense" (id. at *8). The Court elaborated that "the omission from the waiver of indictment form of nonelemental factual information that is not necessary for a jurisdictionally-sound indictment is
. . . forfeited by a guilty plea" (id.). Notably, the defendant in Lang made "no claim that he lacked notice of the precise crimes for which he waived prosecution by indictment. Nor could he, since the dates and places of the offenses were sufficiently detailed in each of the actual accusatory instruments — the three local court complaints and the SCI — charging [him]" (id.). Finally, the Court noted that "all defendants can seek a bill of particulars as the remedy to obtain the more specific information necessary for notice purposes" (id. at *9). On that basis, the Court concluded that there was no jurisdictional infirmity and that "having [pleaded] guilty without raising any legal challenge to the contents of [the waiver of indictment] form in the trial court," the defendant's argument was forfeited by his guilty plea (id.).
The reasoning of Lang requires this Court to reassess and abandon the standard enunciated in Busch-Scardino. There is no question here that the waiver of indictment was signed in open court with counsel present in accordance with the procedural requirements set forth in NY Constitution, article I, § 6, which "establishes the prima facie validity of the waiver of the right to prosecution by indictment" (People v Myers, 32 NY3d 18, 23 [2018]). The "approximate time" of the arson charge under review constitutes nonelemental factual information. Lang instructs that we should look not only at the waiver of indictment and the SCI, but also at the local accusatory instruments to ascertain whether adequate notice was provided. Here, the felony complaint mirrors both the waiver and the SCI by providing the date and specific address, but without specifying the approximate time. Nonetheless, defendant raised no objection before County Court, made no demand for a bill of particulars and "lodges no claim that he lacked notice of the precise crime[] for which he waived prosecution by indictment" (People v Lang, 2019 NY Slip Op 08545 at *8). In context, we conclude that the defect here was not jurisdictional and that defendant forfeited his challenge upon his plea of guilty (see People v Shindler, ___ AD3d ___ [decided herewith]).
Egan Jr., J.P., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.