People v Ramirez (2020 NY Slip Op 00970)





People v Ramirez


2020 NY Slip Op 00970


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1307 KA 16-00924

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERTO . RAMIREZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered August 4, 2015. The judgment convicted defendant, upon a plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him of assault in the second degree (Penal Law § 120.05 [4]) upon his plea of guilty to a superior court information. Defendant contends that "his written waiver of indictment was jurisdictionally defective because, notwithstanding its substantial compliance with CPL 195.20 as to content, it did not state the date, approximate time and place of the specific offenses for which he was held for the action of the grand jury, in violation of that statute" (People v Thomas, — NY3d &mdash, &mdash, 2019 NY Slip Op 08545, *7 [2019]). Because defendant's contention is that the indictment waiver form omitted "non-elemental factual information," that contention is "forfeited by [his] guilty plea" inasmuch as defendant "lodges no claim that he lacked notice of the precise crime[] for which he waived prosecution by indictment" (id. at &mdash, 2019 NY Slip Op 08545, *8). Defendant failed to preserve for our review his further contention that the failure of County Court to advise him that he could be subject to deportation if he pleaded guilty renders his plea involuntary (see CPL 470.05 [2]; People v Peque, 22 NY3d 168, 183 [2013], cert denied 574 US 840 [2014]). We conclude that, under the circumstances of this case, the narrow exception to the preservation doctrine does not apply (see People v Chelley, 120 AD3d 987, 988 [4th Dept 2014]; cf. Peque, 22 NY3d at 182-183).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court