People v Adejumo (2020 NY Slip Op 02427)





People v Adejumo


2020 NY Slip Op 02427


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


405 KA 16-01503

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
OLASUNKANMI S. ADEJUMO, DEFENDANT-APPELLANT.






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered July 21, 2016. The judgment convicted defendant, upon a plea of guilty, of attempted criminal possession of a forged instrument in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him of attempted criminal possession of a forged instrument in the second degree (Penal Law §§ 110.00, 170.25) upon his plea of guilty to a superior court information. Defendant contends that his written waiver of indictment was invalid because it did not state the approximate time of the offense for which he waived indictment. Because defendant's contention is that the indictment waiver form omitted "non-elemental factual information," that contention is "forfeited by [his] guilty plea" inasmuch as defendant "lodges no claim that he lacked notice of the precise crime[] for which he waived prosecution by indictment" (People v Thomas, — NY3d &mdash, &mdash, 2019 NY Slip Op 08545, *8 [2019]; see People v Ramirez, 180 AD3d 1378, 1378 [4th Dept 2020]).
Defendant further contends that his plea was rendered involuntary by County Court's alleged failure to advise him of the potential deportation consequences of his plea. We agree with defendant that his contention survives his waiver of the right to appeal (see People v Roman, 160 AD3d 1492, 1492 [4th Dept 2018]) and conclude that, under the circumstances presented here, defendant was required to preserve the issue for our review and did so by moving to vacate the judgment of conviction pursuant to CPL 440.10 (see generally People v Conceicao, 26 NY3d 375, 381 [2015]; People v Peque, 22 NY3d 168, 182-183 [2013], cert denied 574 US 840 [2014]; People v Johnson, 128 AD3d 1539, 1539 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]). Nevertheless, we reject defendant's contention. Courts "are to be afforded considerable latitude in stating the requisite advice" during the plea colloquy, and the record reflects that the court sufficiently "assure[d] itself that . . . defendant [knew] of the possibility of deportation prior to entering [his] guilty plea" (Peque, 22 NY3d at 197; see People v Dealmeida, 124 AD3d 1405, 1406 [4th Dept 2015]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court