People v Morgan-Smith (2020 NY Slip Op 02501)





People v Morgan-Smith


2020 NY Slip Op 02501


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

110182

[*1]The People of the State of New York, Respondent,
v
Jeannie M. Morgan-Smith, Appellant.

Calendar Date: March 24, 2020

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.


Craig Meyerson, Peru, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered December 15, 2017, convicting defendant on her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information (hereinafter SCI) charging her with criminal possession of a controlled substance in the third degree. She pleaded guilty to this crime and waived her right to appeal. Under the terms of the plea agreement, she was to be sentenced to two years in prison, followed by one year of postrelease supervision. However, County Court advised defendant that it would not impose this sentence if the presentence investigation report disclosed information leading it to conclude that the sentence was inappropriate, in which case she would be permitted to withdraw her plea. Based upon the contents of the presentence investigation report, County Court advised defendant that it would impose an enhanced sentence of four years in prison, followed by two years of postrelease supervision, and offered her the opportunity to withdraw her plea. Defendant declined to do so and executed an amended waiver of the right to appeal. County Court, in turn, imposed the enhanced sentence, and defendant appeals.
Initially, defendant contends that the waiver of indictment and SCI omitted essential information required by CPL 195.20, rendering the waiver of indictment invalid and the SCI jurisdictionally defective. In support of this claim, defendant points to the fact that neither the waiver of indictment nor the SCI sets forth the approximate time of the crime, and the waiver of indictment also failed to set forth the place where it occurred. While we acknowledge these deficiencies, we do not find that they mandate dismissal of the SCI and reversal of the judgment of conviction given our recent decisions in People v Shindler (179 AD3d 1306, 1307 [2020]) and People v Elric YY., (179 AD3d 1304, 1305 [2020]), and the Court of Appeals' decision in People v Lang (___ NY3d ___, ___, 2019 NY Slip Op 08545, *7-9 [2019]). As is relevant here, the Court of Appeals found in Lang that the date, approximate time and place of the crime in the waiver of indictment constituted non-elemental factual information, the omission of which did not amount to a jurisdictional defect (see People v Lang, 2020 NY Slip Op 08545 at *8-9). In view of this decision, we abandoned the standard enunciated in People v Busch-Scardino (166 AD3d 1314 [2018]) and concluded in Shindler and Elric YY. that the omission of the approximate time and place was not a jurisdictional defect rendering the waiver of indictment invalid.
Here, defendant was provided adequate notice of the crime charged based upon a reading of the waiver of indictment and the SCI together (see People v Walley, 176 AD3d 1513, 1514 [2019]), as well as the felony complaint, which set forth in detail the nature of the crime and the approximate time and place where it occurred (see People v Lang, 2020 NY Slip Op 08545 at *10). Significantly, defendant did not raise any objection to the sufficiency of the waiver of indictment or the SCI before County Court, or demand a bill of particulars. Therefore, the subject omissions are nonjurisdictional defects that were forfeited by defendant's guilty plea (see People v Shindler, 179 AD3d at 1307; People v Elric YY., 179 AD3d at 1305).
Defendant further contends that County Court erroneously imposed an enhanced sentence. Initially, this claim is not precluded by defendant's amended appeal waiver. Such waiver is invalid as the record does not reveal that defendant understood the separate and distinct nature of the right to appeal or was advised of the many ramifications of the amended waiver (see People v Alexander, 174 AD3d 1068, 1068 [2019], lv denied 34 NY3d 949 [2019]; People v Latifi, 171 AD3d 1351, 1351 [2019]). Nevertheless, under the circumstances presented, we find no error in the imposition of the enhanced sentence. "A sentencing court may not impose an enhanced sentence unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement or [has] give[n] the defendant an opportunity to withdraw his or her plea before the enhanced sentence is imposed" (People v Denegar, 130 AD3d 1140, 1141 [2015] [internal quotation marks and citations omitted]; see People v Parker, 57 NY2d 136, 141 [1982]; People v Tole, 119 AD3d 982, 984 [2014]). Notwithstanding County Court's failure to clearly specify the information in the presentence investigation report that would result in an enhanced sentence, it afforded defendant the opportunity to withdraw her plea prior to imposing such sentence (compare People v Donnelly, 80 AD3d 797, 798 [2011]; People v Gantt, 63 AD3d 1379, 1380 [2009]). She clearly indicated that she did not wish to withdraw her plea and, thereby, fully accepted the enhanced sentence as part of the plea agreement. Accordingly, we find no reason to disturb it.
Garry, P.J., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.