People v O'Connor (2020 NY Slip Op 03334)





People v O'Connor


2020 NY Slip Op 03334


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


502 KA 16-00950

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS O'CONNOR, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered October 30, 2015. The judgment convicted defendant upon his plea of guilty of criminal mischief in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal mischief in the third degree (Penal Law § 145.05 [2]). We affirm.
To the extent that defendant challenges the amount of the restitution award and argues that his plea was not voluntary, those contentions, although not precluded by his waiver of the right to appeal (see People v Rodriguez, 156 AD3d 1433, 1434 [4th Dept 2017], lv denied 30 NY3d 1119 [2018]; People v Oehler, 278 AD2d 807, 807 [4th Dept 2000]), are unpreserved (see People v Lewis, 114 AD3d 1310, 1311 [4th Dept 2014], lv denied 22 NY3d 1200 [2014]; People v Wright, 288 AD2d 899, 899 [4th Dept 2001], lv denied 97 NY2d 689 [2001]). Defendant's further contention that he was denied effective assistance of counsel " does not survive his guilty plea or his waiver of the right to appeal because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (People v Rizek [appeal No. 1], 64 AD3d 1180, 1180 [4th Dept 2009], lv denied 13 NY3d 862 [2009]; see People v Abdulla, 98 AD3d 1253, 1254 [4th Dept 2012], lv denied 20 NY3d 985 [2012]).
Finally, defendant contends that his waiver of indictment was jurisdictionally defective because it failed to strictly comply with CPL 195.20 by omitting the approximate time and place of the underlying offense. Those omissions were of "non-elemental factual information" (People v Thomas, 34 NY3d 545, 569 [2019]), and thus defendant's contention is forfeited by his plea inasmuch as defendant does not assert that he lacked notice of the precise crime for which he waived prosecution by indictment (see id.; People v Ramirez, 180 AD3d 1378, 1378-1379 [4th Dept 2020]). In fact, defendant was provided with such notice in other accusatory instruments.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court