People v Cruz (2020 NY Slip Op 04961)





People v Cruz


2020 NY Slip Op 04961


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-05325 
2018-05326
 (Ind. No. 4798/17, S.C.I. No. 4801/17)

[*1]The People of the State of New York, respondent,
v
Anthony Cruz, appellant.


Janet E. Sabel, New York, NY (Hannah B. Gladstein of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Daniel Rosenblum of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (William Miller, J.), both rendered January 17, 2018, convicting him of burglary in the third degree (two counts) under Indictment No. 4798/17, and burglary in the third degree under Superior Court Information No. 4801/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant pleaded guilty to two counts of burglary in the third degree in satisfaction of Indictment No. 4798/17. He subsequently waived his right to be prosecuted by an indictment and agreed to be prosecuted under a superior court information (hereinafter SCI) with respect to a third count of burglary in the third degree, then pleaded guilty to the sole count of the SCI. The defendant was sentenced, and now appeals.
The defendant's contention that the written waiver of indictment failed to comply with Criminal Procedure Law § 195.20, in that it does not contain the "approximate time" of the offense to be charged in the SCI, is forfeited by his plea of guilty (see People v Thomas, 34 NY3d 545; People v Hodge, 179 AD3d 1461, 1461; People v Elric YY., 179 AD3d 1304, 1305-1306).
The defendant failed to object to the presentence investigation report (hereinafter the PSR) before sentencing, and his argument that the PSR is so lacking that the sentencing judge was unable to effectively exercise his discretion, requiring the vacatur of the sentences and remittal for resentencing, is thus unpreserved for appellate review (see People v Serrano, 158 AD3d 467, 468; People v Houston P.B., 157 AD3d 712, 713; People v Davila, 238 AD2d 625, 626), and we decline to reach it in the interest of justice.
The record demonstrates that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Williams, 180 AD3d 814, 814; People v Jie Chen, 178 AD3d 1070, 1070; People v Brunache, 176 AD3d 730, 730; People v Davis, 174 AD3d 735, 735; People v Spitzer, 163 AD3d 591, 592). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Lopez, [*2]6 NY3d 248, 255).
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court