People v Wheeler (2020 NY Slip Op 07923)





People v Wheeler


2020 NY Slip Op 07923


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2017-11099
 (Ind. No. 202/17)

[*1]The People of the State of New York, respondent,
v
Jake N. Wheeler, appellant.


Thomas N.N. Angell, Poughkeepsie, NY (Steven Levine of counsel; Lauren Jaeb on
the brief), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna Katharina Diehn of
counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered September 19, 2017, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
During the evening hours of May 27, 2017, the defendant pulled down the pants and underwear of his 16-year-old niece and touched her buttocks while she was sleeping in his living room. The defendant was arraigned on May 29, 2017, on a felony complaint accusing him of sexual abuse in the first degree.
At the subsequent plea proceeding, prior to pleading guilty, the defendant waived his right to be indicted by a grand jury and agreed to proceed by a superior court information (hereinafter SCI) charging him with sexual abuse in the first degree. He also executed a waiver of indictment, which was approved by the County Court. Thereafter, on a single occasion during the proceeding, the prosecutor mistakenly stated that the SCI charged the defendant with the crime of attempted sexual abuse in the first degree. However, throughout the rest of the plea proceeding, the court and the prosecutor repeatedly referred to the charge in the SCI as sexual abuse in the first degree, and the defendant clearly entered a plea of guilty and factually allocuted to that offense. The defendant now appeals.
The defendant contends for the first time on appeal that the waiver of indictment is invalid and the SCI is jurisdictionally defective for failing to sufficiently state the approximate time the charged offense was committed, as required by CPL 195.20. However, the failure to include such non-elemental factual information, particularly in cases involving child sexual assault, constitutes a nonjurisdictional defect which does not render the SCI or the waiver invalid, and which is forfeited upon a plea of guilty (see People v Lang, 34 NY3d 545, 568-570; People v Carl, ___ AD3d ___, 2020 NY Slip Op 06314, at *1 [3d Dept]; People v Cruz, 186 AD3d 1393; People v O'Connor, 184 AD3d 1137, 1137; People v Adejumo, 182 AD3d 1047, 1047; People v Morgan-Smith, 182 AD3d 923, 924-925; People v Elric YY., 179 AD3d 1304, 1305). Here, the waiver of [*2]indictment and the underlying felony complaint apprised the defendant of the approximate time and specific date and location of the felony sex crime with which he was being charged, and the defendant made no objection before the County Court as to the sufficiency of the waiver of indictment or the SCI, or demand for a bill of particulars. The defendant's current challenge to the waiver of indictment and the SCI was forfeited by his plea of guilty (see People v Cruz, 186 AD3d at 1393; People v Oliver, 185 AD3d 1099, 1099-1100; People v Shindler, 179 AD3d 1306, 1307).
We find unpersuasive the defendant's additional contention that his waiver of indictment was not voluntary, knowing, and intelligent because, on a single occasion after the waiver was executed, the prosecutor mistakenly referred to the crime charged as attempted sexual abuse in the first degree. The record amply demonstrates that the County Court repeatedly referred to the correct crime charged, that the defendant voluntarily, knowingly, and intelligently executed the waiver of indictment—which, together with the SCI, stated the correct crime charged in accordance with CPL 195.20—and that the defendant thereafter pleaded guilty to the correct crime (see People v Hickson, 165 AD3d 1166, 1167).
MASTRO, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court