People v Alvarez (2021 NY Slip Op 08200)





People v Alvarez


2021 NY Slip Op 08200


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-06779

[*1]The People of the State of New York, respondent,
v
Eduardo Alvarez, appellant. (S.C.I. No. 398/19)


Patrick Michael Megaro, Forest Hills, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Monica M.C. Leiter and Autumn S. Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered May 13, 2019, convicting him of failure to register or verify as a sex offender, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant allegedly failed to register his change of address within 10 days after moving as required by Correction Law § 168-f(4). The defendant waived his right to prosecution by indictment and was charged by superior court information (hereinafter SCI) with the crime of failure to register or verify as a sex offender (see Correction Law §§ 168-f[4]; 168-t). He pleaded guilty and was sentenced.
The defendant's challenge to the validity of his waiver of indictment is without merit. The record demonstrates that the defendant signed a written waiver of indictment in open court and in the presence of his attorney. The acknowledgment of the defendant and his attorney that the defendant signed the written waiver of indictment in open court in the presence of his attorney, and the Supreme Court's order approving the waiver, establish that the defendant validly waived his right to be prosecuted by indictment (see People v Myers, 32 NY3d 18, 21).
Moreover, the defendant's contention that the written waiver of indictment failed to comply with Criminal Procedure Law § 195.20 because it does not contain "the name, date and approximate time and place" of the offense to be charged in the SCI is contradicted by the record or forfeited by his plea of guilty (see People v Thomas, 34 NY3d 545; People v Cruz, 186 AD3d 1393, 1393).
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court