People v Meeks (2021 NY Slip Op 01925)





People v Meeks


2021 NY Slip Op 01925


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1079 KA 18-01956

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PAUL MEEKS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, MCCARTHY LAW, KEENE VALLEY (NOREEN E. MCCARTHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered April 12, 2018. The judgment convicted defendant upon his plea of guilty of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea and waiver of indictment are vacated, the superior court information is dismissed, and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of rape in the first degree (Penal Law § 130.35 [4]), defendant contends that his waiver of indictment is jurisdictionally defective because it did not provide adequate notice of the charges upon which the prosecution by superior court information (SCI) would proceed (see CPL 195.10, 195.20; see generally People v Thomas, 34 NY3d 545, 568-570 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We agree. To be valid, a waiver of indictment must contain, inter alia, "the name, date and approximate time and place of each offense" to be charged in the SCI (CPL 195.20). A waiver of indictment that fails to provide sufficient information about the approximate time or location of an offense is not per se jurisdictionally defective where the alleged omissions merely involve "non-elemental factual information" (Thomas, 34 NY3d at 569; see People v O'Connor, 184 AD3d 1137, 1137-1138 [4th Dept 2020], lv denied 35 NY3d 1068 [2020]; People v Ramirez, 180 AD3d 1378, 1379 [4th Dept 2020], lv denied 35 NY3d 973 [2020]). As the Court of Appeals has recently stated, however, "the purpose of the written waiver of indictment form is to ensure the defendant had notice of the charges upon which the prosecution by SCI would proceed," and the written waiver "must memorialize with sufficient specificity the charges for which a defendant waives prosecution by indictment" (Thomas, 34 NY3d at 569). In assessing the sufficiency of the facts alleged as to non-elements of the crime in an accusatory instrument, "the fundamental concern is whether the defendant had reasonable notice of the charges for double jeopardy purposes and to prepare a defense" (id. at 570).
Here, the underlying felony complaint alleged four offenses predicated on defendant's purported violation of three Penal Law provisions: two separate acts of rape in the first degree that occurred in September and October 2016, respectively (Penal Law § 130.35 [4]), an act of criminal sexual act in the first degree that occurred in November 2016 (§ 130.50 [4]), and acts that constituted endangering the welfare of a child (§ 260.10 [1]). In contrast, the waiver of indictment listed only a single count to be charged in the SCI: a count of rape in the first degree that allegedly occurred sometime between July and November 2016. Inasmuch as the sole charge in the waiver of indictment and SCI could plausibly refer to either of the acts of rape in the first degree alleged in the felony complaint, the waiver of indictment failed to put defendant on notice of the precise crime for which he was waiving prosecution by indictment and was thus [*2]jurisdictionally defective. Pointedly, this is not a case in which the waiver of indictment and SCI contained all of the same offenses alleged in the felony complaint, which, despite any generic language in the waiver, would have sufficed to place defendant on notice of the offenses for which he was waiving prosecution by indictment (cf. Thomas, 34 NY3d at 570; O'Connor, 184 AD3d at 1137-1138).
In addition to impeding defendant's ability to prepare a defense (see Thomas, 34 NY3d at 570), the defect in the waiver of indictment—i.e., the indeterminancy of the precise rape offense for which defendant was agreeing to waive indictment—implicates double jeopardy concerns because there was no language in the waiver form, SCI, or at the plea colloquy informing defendant that his plea to one count of rape in the first degree would be in full satisfaction of the offenses alleged in the felony complaint. Consequently, defendant could potentially be subjected to a subsequent prosecution for the offenses not identified in the waiver of indictment or charged in the SCI (see e.g. People v Van Nostrand, 217 AD2d 800, 801 [3d Dept 1995], lv denied 87 NY2d 851 [1995]; People v Davis, 187 AD2d 750, 750 [3d Dept 1992]). Absent a clear identification of which rape offense was the subject of the waiver of indictment and plea, there is no guarantee that any subsequent permissible prosecution connected to the felony complaint would not involve the offense already pleaded to. The lack of precision in the waiver of indictment would therefore effectively prevent defendant from defending against a subsequent prosecution on the ground of double jeopardy.
We therefore reverse the judgment, vacate the plea and waiver of indictment, dismiss the SCI, and remit the matter to County Court for proceedings pursuant to CPL 470.45 (see People v Kerce, 177 AD3d 1384, 1385 [4th Dept 2019]). In light of our determination, defendant's
remaining contentions are academic.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court