People v Perry (2025 NY Slip Op 00702)

People v Perry

2025 NY Slip Op 00702

Decided on February 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 6, 2025

CR-22-2225
[*1]The People of the State of New York, Respondent,
v
Gary L. Perry, Appellant.

Calendar Date:January 13, 2025

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Martin J. McGuinness, Saratoga Springs, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Clinton County (William Favreau, J.), rendered April 21, 2022, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant was charged in felony complaints with criminal sexual act in the first degree, two counts of sexual abuse in the first degree and endangering the welfare of a child stemming from allegations, to which he admitted, that he subjected a six-year-old child to sexual contact on multiple occasions. Defendant subsequently executed a waiver of indictment, consented to be prosecuted by a superior court information (hereinafter SCI) and entered a guilty plea to criminal sexual act in the first degree as charged in count one of the SCI. As part of the plea agreement, which contemplated an agreed-upon prison term of five years, to be followed by 10 years of postrelease supervision, defendant executed a waiver of appeal. At sentencing, the People requested an enhanced sentence based upon defendant's denial, during his probation interview, of any sexual contact with the victim. After a brief hearing at which defendant testified under oath, County Court determined that defendant had violated the terms of his plea agreement by failing to abide by the warning to be truthful during his probation interview. The court thereafter imposed a prison sentence of 10 years, to be followed by 10 years of postrelease supervision. Defendant appeals.
We affirm. Defendant contends that the waiver of indictment is invalid and the SCI to which he pleaded is jurisdictionally defective because they reference dates for the crimes that differ from those charged in the felony complaint and charge a different crime. The record reflects that, as incorporated in the waiver of indictment, the SCI charged defendant with the same four named crimes, with citations to the Penal Law, as charged in the felony complaints and the waiver specified the precise address for the crimes, in compliance with the statutory requirements (see CPL 195.20, 200.15). Defendant's objection, raised for the first time on appeal, is to the variance between the dates specified in the felony complaints for each of the crimes, i.e., "the summer of 2020" and "on or about 08/15/2020," and the dates alleged in the SCI and indictment waiver for each crime, i.e., "between May 1, 2020 and August 31, 2020." However, the date range specified for each crime in the SCI and indictment waiver was indeed in the summer of 2020 as alleged in the felony complaints and, to the extent that there was a factual date discrepancy, the offense dates "constituted non-elemental factual information" that did not render the waiver and SCI jurisdictionally defective (People v Johnson, 223 AD3d 571, 572 [1st Dept 2024], lv denied 42 NY3d 927 [2024]; see People v King, 184 AD3d 909, 910 [3d Dept 2020]; People v Shindler, 179 AD3d 1306, 1307 [3d Dept 2020]).
Under established law, "a purported error or insufficiency in the facts [*2]of an indictment or information to which a plea is taken does not constitute a nonwaivable jurisdictional defect and must be raised in the trial court" and, "[b]y parity of reasoning, the omission from the indictment waiver form of non-elemental factual information that is not necessary for a jurisdictionally-sound indictment is similarly forfeited by a guilty plea" (People v Thomas, 34 NY3d 545, 569 [2019] [internal quotation marks, brackets and citations omitted]; see People v Walley, 36 NY3d 967, 968 [2020]; People v Minaya, 206 AD3d 1161, 1162 [3d Dept 2022]; People v Shindler, 179 AD3d at 1307). Dates are not elements of any of the charged crimes, and defendant failed to show that the crimes alleged in the felony complaints and the SCI were different crimes or that the waiver and SCI, which provided a date range and location, did not provide adequate notice of the charged offenses (see People v Thomas, 34 NY3d at 569; People v Johnson, 223 AD3d at 572; People v Jackson, 215 AD3d 461, 461 [1st Dept 2023], lv denied 39 NY3d 1155 [2023]; see CPL 200.15; 200.50 [6]). Notably, "[i]n child sexual assault cases, [the Court of Appeals] ha[s] upheld [accusatory instruments] alleging an approximate time span of a period of months as sufficiently stated time intervals to comply with due process notice requirements" (People v Thomas, 34 NY3d at 570). Here, no bill of particulars was requested to remedy any notice concerns and defendant did not raise any objections to the sufficiency of the waiver or the SCI at any time in County Court and, thus, his claims are unpreserved and were forfeited by his guilty plea (see People v Lang, 34 NY3d 545, 569 [2019]; People v Morgan-Smith, 182 AD3d 923, 924-925 [3d Dept 2020], lv denied 35 NY3d 1047 [2020]; People v Shindler, 179 AD3d at 1307; see also CPL 200.95; People v Thomas, 34 NY3d at 570).
Defendant further asserts that County Court erred in imposing an enhanced sentence without conducting a further inquiry. "[A]n enhanced sentence may be imposed on a defendant who, in violation of an express condition of a plea agreement, has failed to truthfully answer questions during a Probation Department interview" (People v Maclean, 226 AD3d 1178, 1181 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 41 NY3d 1019 [2024]). Here, defendant was expressly advised during the plea allocution, in the Parker warnings (see People v Parker, 57 NY2d 136, 141 [1982]), that if he minimized or failed to accept responsibility for his criminal conduct during his probation interview, the court would not be bound by the agreed-upon sentence and could impose a prison sentence of up to 25 years upon his conviction. During his probation interview, defendant, among other statements, "denied any sexual contact with [the victim]." At sentencing, the People argued that defendant violated the Parker warnings by denying his sexual crimes against the victim, which increased the danger he represented to the community and [*3]warranted an enhanced sentence. Defense counsel conceded that defendant had violated the Parker warnings but argued against an enhanced sentence, citing various factors in mitigation including defendant's intellectual limitations. Defendant was then questioned under oath, admitting that he had been advised at the plea of his obligation to be truthful during his probation interview and he understood that advisement and the consequences of violating that obligation, acknowledging that he made inconsistent statements during that interview and that he had committed the crime to which he had pleaded. Defendant at no point expressed confusion regarding the Parker advisement or the questions asked during the probation interview. The court concluded that defendant had violated the Parker warning and, after hearing additional arguments from the parties regarding appropriate sentencing factors, determined that an enhanced prison sentence of 10 years, to be followed by 10 years of postrelease supervision, was appropriate.
Contrary to defendant's claims, defense counsel conceded that defendant had violated the Parker warnings and, to the extent necessary, County Court conducted a sufficient inquiry to establish that defendant had done so, while aware of the conditions and the consequences of a violation (see People v Caraballo, 213 AD3d 1142, 1143-1144 [3d Dept 2023]; People v Larock, 211 AD3d 1234, 1235-1236 [3d Dept 2022]). Defendant did not object to the adequacy of the court's inquiry or request additional time or an adjournment to address the propriety of an enhanced sentence, and did not move to withdraw his guilty plea, and, thus, any claim challenging the finding that he violated the Parker warnings or the imposition of an enhanced sentence is unpreserved (see CPL 470.05 [2]; People v Atutis, 214 AD3d 1264, 1266 [3d Dept 2023]; People v Kiefer, 195 AD3d 1315, 1317 [3d Dept 2021]). Given that defendant was advised of the consequences of failing to be truthful in his probation interview, any argument regarding the severity of the enhanced sentence is precluded by his unchallenged waiver of appeal (see People v Mehalick, 226 AD3d 1263, 1265 [3d Dept 2024], lv denied 42 NY3d 928 [2024]). Defendant's remaining claims have been reviewed and found to be without merit.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.