People v Romero (2026 NY Slip Op 01562)

People v Romero

2026 NY Slip Op 01562

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CR-23-2403
[*1]The People of the State of New York, Respondent,
vLuis Romero, Appellant.

Calendar Date:February 10, 2026

Before:Clark, J.P., Aarons, Pritzker, McShan and Corcoran, JJ.

Craig Meyerson, Peru, for appellant.
Brian P. Conaty, District Attorney, Monticello (Thomas W. Raleigh of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Sullivan County (James Farrell, J.), rendered May 4, 2023, convicting defendant upon his plea of guilty of the crime of rape in the third degree.
In August 2020, defendant was arrested and charged with rape in the second degree. Almost three years later, in March 2023, defendant waived his right to be charged by indictment and was charged, by a superior court information (hereinafter SCI), with rape in the third degree. In full satisfaction of the SCI, defendant pleaded guilty to rape in the third degree and agreed to waive his right to appeal, both orally and in writing. Consistent with the terms of the plea agreement, County Court sentenced defendant to a prison term of three years, to be followed by 10 years of postrelease supervision. Defendant appeals.
Initially, defendant argues that his waiver of indictment was jurisdictionally defective because it was conflated with his waiver of appeal. Defendant agreed to waive his right to be indicted by a grand jury by signing a document entitled "Waiver of Indictment and Appeal." That document described, in detail, what defendant would be giving up by waiving his right to indictment and, in a single sentence at the end of the document, described that defendant also agreed to waive his right to appeal as a condition to pleading guilty. Although that document, by itself, may be read to conflate the two waivers, upon reviewing the totality of the circumstances, we are satisfied that defendant understood that the waiver of the two rights were not conditioned upon each other. Indeed, that same day, in open court and in consultation with his counsel, defendant signed a separate document entitled "Waiver of Right to Appeal," which described in detail that his right to appeal was a separate and distinct right that he would be waiving. In addition to these written waivers, County Court distinguished between defendant's waiver of his right to indictment and his waiver of his right to appeal in its oral colloquy during the plea proceeding. As such, "we are satisfied that defendant's combined oral and written waiver of indictment . . . [was] knowingly, voluntarily and intelligently entered into" (People v Shindler, 179 AD3d 1306, 1308 [3d Dept 2020]; see generally People v Wheeler, 189 AD3d 1471, 1473 [2d Dept 2020], lv denied 36 NY3d 1101 [2021]).
Defendant also argues, for the first time on appeal, that the SCI was jurisdictionally defective because it purportedly charged defendant with a crime different from the one for which he was arrested and arraigned. Specifically, defendant was arrested for allegations of a rape which occurred on August 10, 2020; however, the SCI alleged that the charged rape occurred "[o]n or about and between June 1, 2020 and June 30, 2020." Defendant's challenge is unpreserved for our review. Indeed, "a purported error or insufficiency in the facts of an indictment or [SCI] to which a plea is taken does not constitute a nonwaivable jurisdictional [*2]defect and must be raised in the trial court . . . [and, b]y parity of reasoning, the omission from the indictment waiver form of non-elemental factual information that is not necessary for a jurisdictionally-sound indictment is similarly forfeited by a guilty plea" (People v Thomas, 34 NY3d 545, 569 [2019] [internal quotation marks, brackets and citations omitted]; accord People v Perry, 235 AD3d 1041, 1042 [3d Dept 2025], lv denied 43 NY3d 965 [2025]). Here, the date of the crime's occurrence is not an element of the charged crime, and defendant failed to show that the crime for which he was arrested and arraigned differed from that which was noted in the indictment waiver and SCI or that he was not provided adequate notice of the charged offense (see People v Perry, 235 AD3d at 1042; People v Johnson, 223 AD3d 571, 571-572 [1st Dept 2024], lv denied 42 NY3d 927 [2024]; People v King, 184 AD3d 909, 910 [3d Dept 2020]). In any event, "[w]here a defendant waives the right to be prosecuted by indictment and consents to be prosecuted by a[n SCI], the [SCI] must either charge the defendant with the same crime as the felony complaint or a lesser included offense of that crime" (People v Hickson, 165 AD3d 1166, 1167 [2d Dept 2018] [internal quotation marks, brackets and citation omitted; emphasis added], lv denied 32 NY3d 1125 [2018]). The date for when the crime occurred that appears on defendant's felony complaint is the same as that which appears on his indictment waiver and the SCI.
To the extent that defendant challenges the voluntariness of his guilty plea, such is unpreserved for our review as he failed to make the appropriate postallocution motion prior to sentencing despite having the opportunity to do so, and the narrow exception to the preservation requirement is not implicated (see People v Ford, 234 AD3d 1054, 1055 [3d Dept 2025], lv denied 43 NY3d 963 [2025]; People v Barney, 215 AD3d 1137, 1139 [3d Dept 2023], lv denied 40 NY3d 927 [2023]). Defendant's remaining arguments not otherwise addressed herein have been considered and found to lack merit.
Clark, J.P., Aarons, Pritzker and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.