People v Eaton (2020 NY Slip Op 02500)





People v Eaton


2020 NY Slip Op 02500


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

110104

[*1]The People of the State of New York, Respondent,
v
Daryl B. Eaton, Appellant.

Calendar Date: March 25, 2020

Before: Lynch, J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered October 19, 2017, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information (hereinafter SCI) charging him with one count of attempted burglary in the second degree. In satisfaction of the SCI and other pending charges, defendant pleaded guilty to the charged crime with the understanding that he would be sentenced to a prison term of four years followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Following defendant's plea, the promised prison term was imposed, and this appeal ensued.
We affirm. Preliminarily, to the extent that defendant's brief may be read as challenging the validity of the waiver of the right to appeal, we find this argument to be unpersuasive. County Court sufficiently explained the nature of the waiver of the right to appeal and did not "impermissibly lump" defendant's appellate rights into the trial-related rights that defendant was forfeiting by virtue of his guilty plea (People v Womack, 172 AD3d 1819, 1820 [2019], lv denied 33 NY3d 1110 [2019]; see People v Breithaupt, 171 AD3d 1311, 1312 [2019], lv denied 34 NY3d 979 [2019]). Defendant, who had been advised that the waiver was a condition of the plea agreement, indicated that he understood the court's oral explanation of the waiver (see People v Acevedo, 179 AD3d 1397, 1398 [2020]) and, after conferring with counsel, defendant signed a detailed written waiver in open court and again affirmed his understanding thereof (see People v Harrison, 176 AD3d 1262, 1263 [2019], lv denied 34 NY3d 1016 [2019]). Under these circumstances, and as we discern no other infirmities in the waiver (compare People v Thomas, ___ NY3d ___, 2019 NY Slip Op 08545 [2019]; People v Barrales, 179 AD3d 1313 [2020]), we find that defendant's waiver of the right to appeal was knowing, intelligent and voluntary. In light of the valid appeal waiver, defendant's challenge to the perceived severity of the agreed-upon sentence is precluded (see People v Salmon, 179 AD3d 1404, 1404-1405 [2020]; People v Sabin, 179 AD3d 1401, 1402 [2020]).
Defendant's primary contention — that the waiver of indictment is invalid and the SCI is jurisdictionally defective due to the People's failure to set forth the approximate time of the charged crime — is governed by the Court of Appeals' holding in People v Lang (___ NY3d ___, ___, 2019 NY Slip Op 08545, *8-9 [2019]), as well as our recent decisions in People v Shindler (179 AD3d 1306, 1307 [2020]) and People v Elric YY. (179 AD3d 1304, 1304-1305 [2020]). Simply put, given that the waiver of indictment and SCI at issue here afforded defendant adequate notice of the date and location of the charged crime, and as the omission of the approximate time of the offense from those documents constituted a nonjurisdictional defect (see People v Lang, 2019 NY Slip Op 08545 at *8-9) to which defendant did not object at a point in time when County Court could have addressed the asserted defect, "defendant's present challenge was forfeited by his guilty plea" (People v Shindler, 179 AD3d at 1307; see People v Elric YY., 179 AD3d at 1305).
Lynch, J.P., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.