People v King (2020 NY Slip Op 03151)





People v King


2020 NY Slip Op 03151


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

110207

[*1]The People of the State of New York, Respondent,
v
Brent C. King Jr., Appellant.

Calendar Date: May 20, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Devine and Colangelo, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered September 6, 2017, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant waived indictment and was charged in a superior court information (hereinafter SCI) with criminal sale of a controlled substance in the third degree. He pleaded guilty to this crime, in satisfaction of the SCI and other uncharged crimes, and also waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to six years in prison, followed by three years of postrelease supervision, to run consecutively to a sentence that was previously imposed on an unrelated crime. Defendant appeals.
Initially, defendant contends that the waiver of indictment is invalid and the SCI is jurisdictionally defective for failure to set forth the approximate time of the offense contrary to the requirements of CPL 195.20. Notwithstanding this deficiency, it has been held that the omission of such nonelemental factual information does not amount to a jurisdictional defect (see People v Lang, 34 NY3d 545, 568-569 [2019]; People v Edwards, 181 AD3d 1054, 1055 [2020]; People v Elric YY., 179 AD3d 1304, 1305 [2020]; People v Shindler, 179 AD3d 1306, 1306-1307 [2020]). Indeed, defendant was provided adequate notice of the charge based upon reading the waiver of indictment and the SCI, together with the felony complaint, which set forth the approximate time of the crime and the specific location (see People v Lang, 34 NY3d at 569-570). Notably, the record does not disclose that defendant raised any objection before County Court to the sufficiency of the waiver of indictment or the SCI, or that he requested a bill of particulars. Accordingly, the omission constitutes a nonjurisdictional defect that was forfeited by defendant's guilty plea (see People v Edwards, 181 AD3d at 1055; People v Elric YY., 179 AD3d at 1305; People v Shindler, 179 AD3d at 1307).
Defendant also asserts that his appeal waiver was invalid. We disagree. The record discloses that County Court advised defendant of the trial-related rights that he was forfeiting by pleading guilty and explained that the right to appeal was separate and distinct (see People v Couse, 178 AD3d 1207, 1207-1208 [2019]). Defendant then executed a written waiver in open court after conferring with counsel and expressed that he understood its ramifications. The written waiver was comprehensive, extending to the severity of the sentence (see People v Ramos, 179 AD3d 1395, 1396 [2020]). Accordingly, defendant knowingly, intelligently and voluntarily waived his right to appeal and he is, therefore, precluded from challenging the severity of the sentence (see People v Drake, 179 AD3d 1221, 1222 [2020]; People v Loffler, 178 AD3d 1152, 1153 [2019]).
Garry, P.J., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.