People v Williams (2020 NY Slip Op 04342)





People v Williams


2020 NY Slip Op 04342


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

110073

[*1]The People of the State of New York, Respondent,
v
Christopher Williams, Appellant.

Calendar Date: June 26, 2020

Before: Egan Jr., J.P., Mulvey, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Aaron A. Louridas, Delmar, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 14, 2017, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant was charged by indictment with burglary in the second degree after he stole property from a private residence to support his drug habit. He pleaded guilty to this crime and was required to waive his right to appeal. Thereafter, he was sentenced, in accordance with the terms of the plea agreement, to eight years in prison followed by five years of postrelease supervision. Defendant appeals.
We affirm. Contrary to his claim, defendant validly waived his right to appeal. The record discloses that County Court advised defendant of the trial-related rights that he was forfeiting by pleading guilty and clearly indicated that the right to appeal was separate and distinct from those rights, noting that waiving this right was part of the plea agreement (see People v Schroeder, 181 AD3d 1095, 1095 [2020]; People v Thacker, 173 AD3d 1360, 1360-1361 [2019], lv denied 34 NY3d 938 [2019]). Defendant communicated his understanding and then executed a written appeal waiver in open court after reviewing it with counsel and stated that he did not have any questions (see People v Gumbs, 182 AD3d 701, 702 [2020]; People v Barragan, 178 AD3d 1150, 1151 [2019]). The written appeal waiver reiterated that it was separate and distinct from the other trial-related rights that defendant was giving up by pleading guilty and encompassed any challenge to the fairness of the sentence (see People v Loffler, 178 AD3d 1152, 1153 [2019]; People v Barragan, 178 AD3d at 1151). Under these circumstances, and as we discern no other infirmities in the waiver (compare People v Thomas, 34 NY3d 545, 564 [2019]; People v Barrales, 179 AD3d 1313, 1315 [2020]), we find that it was valid and forecloses defendant's challenge to the severity of the sentence (see People v Couse, 178 AD3d 1207, 1208 [2019], lv denied 35 NY3d 941 [2020]; People v Weis, 171 AD3d 1403, 1404 [2019]).
Egan Jr., J.P., Mulvey, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.