People v Hammond (2020 NY Slip Op 05096)





People v Hammond


2020 NY Slip Op 05096


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

110641

[*1]The People of the State of New York, Respondent,
v
John F. Hammond II, Appellant.

Calendar Date: September 4, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Reynolds Fitzgerald and Colangelo, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.



Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered June 29, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
In satisfaction of a two-count indictment, defendant pleaded guilty to assault in the second degree and was sentenced to six months in jail and five years of probation. Defendant thereafter admitted that he violated the terms of his probation by, among other things, testing positive for the presence of THC, and County Court adjourned the matter to afford defendant an opportunity to demonstrate his ability to comply with the terms and conditions thereof. In conjunction with that admission, defendant was required to waive his right to appeal.
During the pending adjournment, defendant again violated the terms of his probation in numerous respects, including testing positive for the use of marihuana. Ultimately, defendant agreed to make certain admissions with the understanding that he would be sentenced to a prison term of three years followed by three years of postrelease supervision. As part of that agreement, defendant again was required to waive his right to appeal. County Court imposed the contemplated prison term, and this appeal ensued.
We affirm. Although County Court's waiver colloquy "arguably could have been more expansive," the court nonetheless advised defendant that the waiver of the right to appeal was a condition of the proposed agreement, explained the separate and distinct nature of the right to appeal and confirmed that defendant was willing to relinquish that right in exchange for the favorable offer extended to him (People v Charles, 163 AD3d 1362, 1362 [2018], lv denied 32 NY3d 1063 [2018]). Additionally, defendant executed a written waiver in open court after conferring with counsel and indicated that he understood the ramifications thereof (see People v King, 184 AD3d 909, 910 [2020]; People v Bayne, 175 AD3d 1722, 1723 [2019]). Accordingly, and as we otherwise discern no infirmities in the waiver (compare People v Barrales, 179 AD3d 1313, 1314-1315 [2020]), we find that the appeal waiver was valid (see People v Williams, 185 AD3d 1352, 1353 [2020]) and precludes defendant's challenge to the severity of the agreed-upon sentence (see People v King, 184 AD3d at 910; People v Chapman, 168 AD3d 1315, 1316 [2019], lv denied 33 NY3d 1067 [2019]).
Garry, P.J., Egan Jr., Mulvey, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.