People v Burnett (2020 NY Slip Op 05097)





People v Burnett


2020 NY Slip Op 05097


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

110651

[*1]The People of the State of New York, Respondent,
v
Deborah F. Burnett, Also Known as Debra Burnett, Deborah Barnett and Debbie Turner, Appellant.

Calendar Date: September 4, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Letitia James, Attorney General, New York City (Matthew B. Keller of counsel), for respondent.



Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered September 27, 2018, convicting defendant upon her plea of guilty of the crimes of money laundering in the second degree, grand larceny in the second degree, scheme to defraud in the first degree and tax fraud in the third degree.
In full satisfaction of a 29-count indictment, defendant pleaded guilty to money laundering in the second degree, grand larceny in the second degree, scheme to defraud in the first degree and criminal tax fraud in the third degree. As contemplated by the plea agreement, defendant also executed a waiver of the right to appeal, as well as a confession of judgment totaling over $1.3 million. Consistent with the terms of the plea agreement, defendant was subsequently sentenced to concurrent prison terms of 3 to 9 years for her convictions of money laundering in the second degree and grand larceny in the second degree and to lesser concurrent prison terms for the remaining convictions. Defendant appeals, principally contending that her sentence is harsh and excessive.
Initially, defendant claims that her appeal waiver was invalid. We disagree. Defendant was advised that an appeal waiver was a condition of the plea agreement, and County Court further advised defendant of the trial-related rights that she was automatically forfeiting by pleading guilty and explained that the right to appeal was separate and distinct from those rights (see People v Danzy, 182 AD3d 920, 921 [2020], lv denied 35 NY3d 1043 [2020]; People v Gumbs, 182 AD3d 701, 702 [2020], lv denied ___ NY3d ___ [Aug. 28, 2020]). Defendant also executed in open court a written waiver of appeal — which was comprehensive and extended to the severity of the sentence — after conferring with counsel about its contents and stating that she understood that she was giving up her appellate rights (see People v King, 184 AD3d 909, 910 [2020]; People v Eaton, 182 AD3d 922, 923 [2020]). Accordingly, and discerning no other infirmities with the appeal waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we conclude that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary (see People v Acevedo, 179 AD3d 1397, 1399 [2020]; People v Sabin, 179 AD3d 1401, 1402 [2020], lv denied 35 NY3d 995 [2020]). Given the valid appeal waiver, defendant's challenge to the severity of the agreed-upon sentence is precluded (see People v Eaten, 182 AD3d at 923; People v Crawford, 181 AD3d 1057, 1059 [2020]).
Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.