People v Carl (2020 NY Slip Op 06314)





People v Carl


2020 NY Slip Op 06314


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

110554 110555

[*1]The People of the State of New York, Respondent,
v
Alajhed Carl, Appellant.

Calendar Date: September 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered July 5, 2018, convicting defendant upon his pleas of guilty of the crimes of tampering with physical evidence and attempted robbery in the third degree.
In July 2018, defendant pleaded guilty to tampering with physical evidence in satisfaction of a three-count indictment and entered an Alford plea to the reduced charge of attempted robbery in the third degree in connection with a separate offense. As part of the global disposition, defendant waived indictment on the attempted robbery charge and agreed to be prosecuted by a superior court information (hereinafter SCI). He also executed oral and written appeal waivers but reserved the right to challenge County Court's determination on his application for youthful offender status.[FN1] County Court determined that youthful offender status was not appropriate and, in accordance with the agreement, imposed concurrent prison terms of 1 to 3 years upon each conviction. Defendant appeals.
Initially, defendant contends that the waiver of indictment is invalid and the SCI is jurisdictionally defective because they failed to set forth the approximate time and location of the conduct underlying the attempted robbery charge, as required by CPL 195.20. However, the omission of such "non-elemental factual information" does not constitute a jurisdictional defect (People v Lang, 34 NY3d 545, 569 [2019]; see People v King, 184 AD3d 909, 910 [2020]). Moreover, the SCI and waiver, together with the felony complaint that included the approximate time and specific address of the crime, provided defendant with adequate "notice of the charges upon which the prosecution by SCI would proceed" (People v Lang, 34 NY3d at 569). Given these circumstances, and because the record does not reveal that defendant objected to the sufficiency of the waiver or SCI,[FN2] defendant's challenge to the waiver of indictment and the SCI is forfeited by his guilty pleas (see People v Cruz, 186 AD3d 932, 933 [2020]; People v Moses, 184 AD3d 910, 911 [2020], lv denied 35 NY3d 1096 [2020]).
Also without merit is defendant's challenge to the waiver of indictment on the ground that it contained a different offense than that listed in the felony complaint. CPL 195.20 provides that a waiver of indictment must contain "each offense to be charged in the [SCI]," which "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable." A defendant is "held for the action of a [g]rand [j]ury on both the offense charged in the felony complaint as well as its lesser included offenses" (People v Diego, 172 AD3d 1776, 1777 [2019] [internal quotation marks and citations omitted]; see People v Pierce, 14 NY3d 564, 568 [2010]). Accordingly, "a defendant may waive indictment and plead guilty to an SCI that names a different offense from that charged in the felony complaint only when the crime named in the SCI is a lesser included offense of the original charge" (People v Diego, 172 AD3d at 1777 [internal quotation marks and citations omitted]). Here, a felony complaint charged defendant with robbery in the first degree under Penal Law § 160.15 (4). The waiver of indictment, by contrast, stated that defendant was held for action of the Warren County grand jury upon the reduced charge of attempted robbery in the third degree and he consented to being prosecuted by an SCI on that charge. Attempted robbery in the third degree as charged in the SCI (see Penal Law §§ 110.00, 160.05) is a lesser included offense of robbery in the first degree as charged in the felony complaint (see CPL 1.20 [37]; see also People v James, 11 NY3d 886, 888 [2008]). Thus, the waiver of indictment is not jurisdictionally defective.
Defendant next contends that his guilty pleas were not knowing, voluntary and intelligent because County Court did not apprise him of all the trial-related constitutional rights that he would be forfeiting by pleading guilty, an argument that survives his appeal waiver (see People v Weidenheimer, 181 AD3d 1096, 1097 [2020]). Although a defendant's challenge to the voluntariness of a plea is ordinarily required to be preserved in an appropriate postallocution motion (see CPL 220.60 [3]), here, defendant had no practical ability to file such a motion insofar as the pleas and sentencing occurred in the same proceeding (see People v Tyrell, 22 NY3d 359, 364 [2013]; People v Griffin, 165 AD3d 1316, 1317 [2018]). Nor could he have moved to vacate the judgment pursuant to CPL 440.10 because the alleged error was "clear from the face of the trial record" (People v Tyrell, 22 NY3d at 364 [internal quotation marks and citations omitted]). Accordingly, defendant's claim is reviewable. Nevertheless, we conclude that it lacks merit.
To constitute a knowing, voluntary and intelligent plea, "the record must affirmatively demonstrate that the defendant waived his or her constitutional trial-related rights — namely, the privilege against self-incrimination, the right to a jury trial and the right to be confronted by witnesses" (People v Demkovich, 168 AD3d 1221, 1221 [2019]). Here, County Court advised defendant that, by pleading guilty, he would be giving up the rights to a jury trial, to remain silent, to have the People prove the charges against him beyond a reasonable doubt and to present a defense. Although County Court failed to inform defendant that he would also be giving up the right to confront the People's witnesses, the relevant circumstances surrounding the pleas — including the seriousness of the crimes, the actual competent participation by counsel and the timing of the pleas (see People v Conceicao, 26 NY3d 375, 382-383 [2015]) — reflect that they were entered into knowingly, voluntarily and intelligently. To that end, the record reflects a considered plea process during which defendant had ample time to contemplate the pleas, as seven months had passed between the People's initial plea offer to the same charges in December 2017 and the date the pleas were ultimately accepted in July 2018. Moreover, defendant assured County Court during the plea proceedings that he had adequate time to confer with counsel and was satisfied with his representation. The record independently confirms active participation by counsel throughout the entirety of the proceedings. On this record, we are satisfied that defendant entered into knowing, voluntary and intelligent pleas (see People v Conceicao, 26 NY3d at 382-383; People v Sullivan, 153 AD3d 1519, 1520-1521 [2017], lv denied 30 NY3d 1064 [2017]).
Defendant's appeal waiver is similarly valid. County Court informed defendant that an appeal waiver was a condition of the plea agreement, explained the nature of the right to appeal and the consequences of waiving that right, and informed defendant of the separate and distinct nature of the right. Defendant affirmed that he had discussed the waiver with counsel and understood its ramifications. Accordingly, we conclude that defendant knowingly, intelligently and voluntarily waived the right to appeal, thereby foreclosing his challenge to the sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Andino, 185 AD3d 1218, 1218-1219 [2020]).
Defendant further contends that County Court abused its discretion in denying him youthful offender treatment, a decision that "rests within the sound exercise of the sentencing court's discretion" (People v Martz, 181 AD3d 979, 980-981 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1047 [2020]). Here, County Court considered all of the relevant factors, noting that the Probation Department recommended against youthful offender status and defendant had been arrested numerous times in a two-year period and had thrice been adjudicated a youthful offender for prior criminal history, some of which involved violence. Under these circumstances, the court did not abuse its discretion in denying defendant's request to be adjudicated a youthful offender (see id. at 981; People v Turner, 174 AD3d 1123, 1126-1127 [2019], lv denied 34 NY3d 985 [2019]). Furthermore, we decline to exercise our interest of justice jurisdiction, as "we do not find that certain mitigating factors regarding defendant's personal and family history warrant a substitution of our own discretion to grant defendant youthful offender status" (People v Soule, 162 AD3d 1407, 1408 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 1068 [2018]).
Finally, defendant's challenge to the June 2018 preplea investigation report (hereinafter PPI) used by County Court in its consideration of youthful offender status is unpreserved for our review, as defense counsel did not raise an objection to the PPI at sentencing other than to challenge the recommendation against youthful offender status (see People v Ashley, 166 AD3d 1169, 1170 [2018]). In any event, County Court did not err in relying on the PPI — prepared only one month prior to the plea allocution — in denying defendant youthful offender status. Although the PPI contained information from an earlier PPI prepared in May 2017, it also included updated information and otherwise contained all of the requirements of the type of presentence investigation report that must be ordered upon the conviction of an eligible youth (see CPL 390.30 [1]; 720.20 [1]; People v Johnston, 32 AD3d 556, 556 [2006]). Defendant also had an opportunity to provide updated information for sentencing consideration. Accordingly, we find that County Court appropriately relied on the June 2018 PPI in considering whether youthful offender status was appropriate.
Garry, P.J., Egan Jr., Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The agreement also required defendant to plead guilty to a charge of criminal possession of stolen property that was pending in Glens Falls City Court, for which he would receive time-served or a concurrent sentence.

Footnote 2: Although defendant requested a bill of particulars, he entered guilty pleas before it was served.