People v Pribble (2021 NY Slip Op 00459)





People v Pribble


2021 NY Slip Op 00459


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

111199

[*1]The People of the State of New York, Respondent,
v
Bryan A. Pribble, Appellant.

Calendar Date: January 4, 2021

Before: Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and Colangelo, JJ.


Rural Law Center of New York, Castleton (Keith F. Shockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A. V. Nichols of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 2, 2019, convicting defendant upon his pleas of guilty of the crimes of assault in the second degree and sexual abuse in the first degree.
Defendant waived indictment and initially agreed to be prosecuted by two superior court informations — one charging him with assault in the second degree and the other charging him with criminal sexual act in the third degree. Defendant agreed to waive his right to appeal and pleaded guilty to the charged crimes, and the matter was adjourned for sentencing. County Court subsequently advised defendant that, based upon its review of the presentence investigation report, it could not honor its prior sentencing commitment and afforded defendant the opportunity to withdraw his pleas. Defendant declined and again pleaded guilty to the superior court information (as amended to reflect the approximate time of the offense) charging him with assault in the second degree.
With respect to the remaining superior court information, County Court vacated defendant's plea of guilty to the crime of criminal sexual act in the third degree, and defendant thereafter waived indictment and agreed to be prosecuted by an amended superior court information charging him with one count of criminal sexual act in the third degree and one count of sexual abuse in the first degree. In full satisfaction of the amended superior court information, defendant agreed to plead guilty to sexual abuse in the first degree with the understanding that he would be sentenced to two years in prison upon his assault conviction and four years in prison upon his sexual abuse conviction — said sentences to run consecutively — followed by periods of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and County Court imposed the agreed-upon terms of imprisonment. This appeal ensued.
Although defendant contends that his waiver of the right to appeal was invalid, we disagree. During both the January 2019 and April 2019 plea colloquies, County Court explained that the waiver of the right to appeal was separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty and, further, delineated the appellate rights that survived said waiver (see People v Purnell, 186 AD3d 1834, 1834 [2020], lv denied ___ NY3d ___ [Dec. 10, 2020]; People v Schroeder, 181 AD3d 1095, 1095 [2020]). On both occasions, defendant also signed a written waiver of appeal, and, in response to County Court's inquiries, defendant indicated that he had read the written waivers, understood their contents, had been afforded an opportunity to speak with counsel and had no questions relative thereto (see People v White, 185 AD3d 1355, 1356 [2020], lv denied ___ NY3d ___ [Dec. 9, 2020]; People v Crawford, 181 AD3d 1057, 1058-1059 [2020]). Under these circumstances[*2], and as we discern no other infirmities in the appeal waiver (compare People v Thomas, 34 NY3d 545 [2019]), we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Purnell, 186 AD3d at 1834). Accordingly, defendant's challenge to the severity of the sentences imposed is precluded (see People v Williams, 185 AD3d 1352, 1353 [2020], lv denied 35 NY3d 1116 [2020]; People v King, 184 AD3d 909, 910 [2020]).
Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.