People v Mirel (2021 NY Slip Op 03084)





People v Mirel


2021 NY Slip Op 03084


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

111259
[*1]The People of the State of New York, Respondent,
v
Robert J. Mirel, Also Known as Robert Morel and Rj Mirel, Appellant.

Calendar Date:April 16, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Letitia James, Attorney General, New York City (Lisa E. Fleischmann of counsel), for respondent.



Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered September 27, 2018, convicting defendant upon his plea of guilty of the crimes of money laundering in the second degree, grand larceny in the second degree, scheme to defraud in the first degree and criminal tax fraud in the third degree.
In satisfaction of a 29-count indictment, defendant pleaded guilty to money laundering in the second degree, grand larceny in the second degree, scheme to defraud in the first degree and criminal tax fraud in the third degree and was required to waive his right to appeal. In accordance with the terms of the plea agreement, defendant was sentenced to concurrent prison terms of 5 to 15 years for his convictions of money laundering in the second degree and grand larceny in the second degree and to lesser concurrent prison terms for the remaining convictions. Defendant appeals.
Contrary to defendant's contention, his waiver of the right to appeal was valid. County Court advised defendant that the waiver was a condition of his plea agreement and explained the separate and distinct nature of the waiver. County Court also explained the ramifications of the waiver and advised defendant that certain issues survive the waiver, and defendant confirmed his understanding thereof. Defendant then executed a written waiver after conferring with counsel, and he assured County Court that he understood its contents and was voluntarily waiving the right to appeal. Accordingly, and insofar as we discern no other infirmities of the waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we are satisfied that defendant's appeal waiver was knowing, intelligent and voluntary (see People v Eaton, 182 AD3d 922, 923 [2020]; People v Weidenheimer, 181 AD3d 1096, 1097 [2020]). Consequently, defendant is precluded from challenging the severity of the sentence (see People v Pribble, 190 AD3d 1194, 1195 [2021]; People v Williams, 185 AD3d 1352, 1353 [2020], lv denied 35 NY3d 1116 [2020]).
Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.