People v Pagan (2021 NY Slip Op 03219)





People v Pagan


2021 NY Slip Op 03219


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

110575
[*1]The People of the State of New York, Respondent,
v
Raul B. Pagan, Appellant.

Calendar Date:April 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.

David E. Woodin, Catskill, for appellant.
Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.



Appeal from a judgment of the County Court of Greene County (Wilhem, J.), rendered October 17, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree. In full satisfaction of the superior court information, defendant agreed to plead guilty to criminal possession of a controlled substance in the second degree and purportedly waived the right to appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant to five years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant initially contends that his waiver of appeal was invalid, and we agree. A review of the record reveals that County Court failed to adequately explain the significance of an appeal waiver or convey that it is "separate and distinct from those rights automatically forfeited upon a guilty plea" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Meddaugh, 150 AD3d 1545, 1546 [2017]). Further, although defendant acknowledged in open court that he had signed a written waiver of appeal during the plea proceedings, no inquiry was made as to whether he had read and understood it (see People v Wilson, 163 AD3d 1049, 1050 [2018]; People v Lemon, 137 AD3d 1422, 1423 [2016], lv denied 27 NY3d 1135 [2016]; People v Rabideau, 130 AD3d 1094, 1095 [2015]). Inasmuch as defendant's understanding of the appeal waiver is not reflected on the face of the record, it is invalid, and defendant is not precluded from challenging the severity of the sentence (see People v Lopez, 6 NY3d at 257; People v Levielle, 161 AD3d 1391, 1392 [2018]; People v Wright, 149 AD3d 1417, 1418 [2017]).
Nevertheless, defendant's claim that the sentence was harsh and excessive is unavailing. Notwithstanding defendant's age, health issues and limited criminal history, County Court imposed the sentence that defendant expressly agreed to receive in exchange for his guilty plea to a serious crime. Consequently, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Meddaugh, 150 AD3d at 1548; People v Ladieu, 105 AD3d 1265, 1266 [2013], lv denied 21 NY3d 1017 [2013]; People v Brown, 35 AD3d 957, 957 [2006], lv denied 8 NY3d 944 [2007]).
Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.