People v Carter (2021 NY Slip Op 07029)





People v Carter


2021 NY Slip Op 07029


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

110927
[*1]The People of the State of New York, Respondent,
v
John Carter, Appellant.

Calendar Date:November 12, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.



Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered August 3, 2018, convicting defendant upon his pleas of guilty of the crimes of criminal possession of stolen property in the third degree, driving while intoxicated and burglary in the third degree.
In 2015, defendant pleaded guilty to criminal possession of stolen property in the third degree and driving while intoxicated, purportedly waived his right to appeal and was placed on interim probation. In 2017, defendant was charged with violating multiple conditions of his interim probation, including absconding from supervision and being arrested for and charged with, among other crimes, burglary in the second degree. Pursuant to a negotiated disposition involving the violation and the burglary charge, defendant admitted to violating the terms of his interim probation and purportedly waived his right to appeal. In addition, defendant subsequently entered an Alford plea to burglary in the third degree and, again, purportedly waived his right to appeal. County Court sentenced defendant to the agreed-upon prison term of 2 to 6 years on the criminal possession of stolen property conviction and six months in jail on the conviction of driving while intoxicated. The court also imposed a consecutive prison term of 1&frac13; to 4 years on the burglary conviction. Defendant appeals.[FN1]
Defendant contends that the waivers of the right to appeal are invalid and, therefore, he is not precluded from challenging the severity of the sentence imposed. We disagree. The record establishes that, in connection with his admission of violating interim probation and his guilty pleas, defendant knowingly, voluntarily and intelligently waived his right to appeal. County Court sufficiently explained in each instance the separate and distinct nature of the waiver, which defendant acknowledged he understood (see People v Carl, 188 AD3d 1304, 1307 [2020], lv denied 37 NY3d 954 [2021]; People v King, 184 AD3d 909, 910 [2020]). In each instance, defendant also executed a written appeal waiver — which specifically extended to the severity of the sentence — after conferring with counsel and assured the court that he understood its contents and was voluntarily waiving his right to appeal (see People v Mirel, 194 AD3d 1198, 1199 [2021]; People v Burnett, 186 AD3d 1837, 1838 [2020], lvs denied 36 NY3d 969, 970 [2020]; People v Hammond, 186 AD3d 1836, 1836-1837 [2020]). Accordingly, we are satisfied that defendant's appeal waivers are valid, thereby foreclosing defendant's challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Mirel, 194 AD3d at 1199; People v Carl, 188 AD3d at 1307).
Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although defendant's pro se notice of appeal contains an incomplete description of the crimes of conviction, we will overlook the error and treat the notice as valid (see CPL 460.10 [6]; People v Clapper, 133 AD3d 1037, 1037 n [2015], lv denied 27 NY3d 995 [2016]).