People v Lenahan (2022 NY Slip Op 00476)





People v Lenahan


2022 NY Slip Op 00476


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

111395
[*1]The People of the State of New York, Respondent,
v
Thomas Lenahan, Appellant.

Calendar Date:December 30, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Aaron A. Louridas, Delmar, for appellant.
Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.



Appeal from a judgment of the County Court of Greene County (Wilhelm, J.), rendered October 16, 2018, convicting defendant upon his plea of guilty of the crimes of promoting prison contraband in the first degree and attempted criminal sale of a controlled substance in the fourth degree.
Pursuant to a plea agreement, defendant pleaded guilty to promoting prison contraband in the first degree and attempted criminal sale of a controlled substance in the fourth degree. He was thereafter sentenced to a prison term of four years, followed by two years of postrelease supervision, for his attempted criminal sale conviction and to a concurrent prison term of 2½ to 5 years on the remaining conviction. Defendant appeals.
We affirm. Initially, we agree with defendant's contention that his appeal waiver is invalid. Our review of the record reveals that County Court's abbreviated explanation of the waiver of the right to appeal failed to convey the significance of the appeal waiver and that it is "separate and distinct from those rights automatically forfeited upon a guilty plea" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Pagan, 194 AD3d 1263, 1264 [2021]; People v McKoy, 175 AD3d 1616, 1617 [2019], lvs denied 34 NY3d 1016, 1018 [2019]; People v Latifi, 171 AD3d 1351, 1351 [2019]). Although defendant executed a written appeal waiver, the court made no inquiry as to whether he had read it or understood it (see People v Williams, 190 AD3d 1192, 1193 [2021]; People v Kehn, 173 AD3d 1564, 1564 [2019]). As defendant's understanding of the appeal waiver is not reflected on the face of the record, it is invalid and, thus, he is not precluded from challenging the severity of his sentence (see People v Pagan, 194 AD3d at 1264; People v Gervasio, 190 AD3d 1190, 1191 [2021]; People v McKoy, 175 AD3d at 1617; People v Levielle, 161 AD3d 1391, 1392 [2018]; compare People v Bateman, 151 AD3d 1482, 1483-1484 [2017], lv denied 31 NY3d 981 [2018]).
We are nevertheless unpersuaded by defendant's claim that his sentence was harsh and excessive. Defendant's criminal history is extensive — in fact, he was on parole at the time of the instant offense — and the sentence imposed, which is below the statutory maximum, was agreed upon as part of his plea. Accordingly, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Barzee, 190 AD3d 1016, 1021-1022 [2021], lv denied 36 NY3d 1094 [2021]; People v Lane, 159 AD3d 1195, 1195-1196 [2018]; People v Ildefonso, 150 AD3d 1388, 1388 [2017], lv denied 30 NY3d 980 [2017]).
Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.