People v Nixon (2022 NY Slip Op 04058)

People v Nixon

2022 NY Slip Op 04058

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

112220
[*1]The People of the State of New York, Respondent,
v
Nancy G. Nixon, Appellant.

Calendar Date:May 20, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Jonathan J. Miller, Acting District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered October 21, 2019, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging her with criminal possession of a controlled substance in the third degree and possession of a forged instrument in the first degree. In satisfaction, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and the plea agreement also required defendant to waive her right to appeal. County Court sentenced defendant, as a second felony offender, to 4½ years in prison to be followed by three years of postrelease supervision. County Court also imposed a fine as contemplated in the plea agreement. Defendant appeals.
We affirm. Contrary to defendant's contention, we find that her waiver of the right to appeal is valid. Defendant was advised that an appeal waiver was a condition of the plea agreement and defendant indicated that she understood. County Court distinguished the right to appeal as separate and distinct from the other trial-related rights automatically forfeited by a guilty plea and affirmed that defendant had discussed the appeal waiver with counsel (see People v Carl, 188 AD3d 1304, 1307 [2020], lv denied 37 NY3d 954 [2021]; People v Lawton, 179 AD3d 1383, 1383 [2020], lv denied 35 NY3d 1046 [2020]). Moreover, although County Court was imprecise in limiting the rights to appeal retained by defendant after an appeal waiver, we are satisfied that defendant understood that some appellate review survived the waiver (see People v Williams, 189 AD3d 1978, 1980 [2020], lv denied 37 NY3d 1165 [2022]). Accordingly, and in light of defendant's experience with the criminal justice system, we conclude that defendant's appeal waiver was knowing, intelligent and voluntary (see People v Thompson, 193 AD3d 1186, 1186-1187 [2021]; People v Williams, 189 AD3d at 1980). Given the validity of the appeal waiver, defendant's challenge to the severity of her sentence is precluded (see People v Lapoint, 201 AD3d 1258, 1258 [2022], lv denied 38 NY3d 1258 [2022]; People v Carter, 200 AD3d 1312, 1313 [2021]).
Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.