People v Magee (2022 NY Slip Op 04766)

People v Magee

2022 NY Slip Op 04766

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

111706
[*1]The People of the State of New York, Appellant,
v
Antonio Magee, Respondent.

Calendar Date:June 17, 2022

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.

Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered April 24, 2019, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In full satisfaction of a nine-count indictment charging various drug crimes, defendant ultimately agreed to plead guilty to one count of criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced as a second felony offender to a prison term of nine years followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal, and County Court agreed that the promised sentence would run concurrently with the sentence to be imposed on certain pending charges in Washington County (see People v Magee, 188 AD3d 1461 [2020]). Defendant pleaded guilty in conformity with the plea agreement, County Court imposed the agreed-upon sentence and this appeal ensued.
We affirm. Although defendant — after conferring with counsel — executed a written waiver that specifically encompassed any challenge to the severity of the sentence imposed, County Court neither inquired whether defendant had read the written waiver nor elicited assurances that defendant otherwise understood the contents or ramifications thereof (see People v David, 200 AD3d 1394, 1394 [2021]; People v Pagan, 194 AD3d 1263, 1264 [2021]; compare People v Carter, 200 AD3d 1312, 1313 [2021]; People v Pizarro, 185 AD3d 1092, 1093 [2020]; People v King, 184 AD3d 909, 910 [2020]). Similarly, County Court's oral colloquy was insufficient to convey to defendant that certain appellate review survived the waiver (see People v Linear, 200 AD3d 1498, 1499 [2021], lvs denied 38 NY3d 951, 952 [2022]; People v Hilts, 200 AD3d 1306, 1306 [2021]; compare People v Vittengl, 203 AD3d 1390, 1391 [2022]; People v Mirel, 194 AD3d 1198, 1199 [2021]). Under these circumstances, we agree that defendant's waiver of the right to appeal is invalid and, therefore, his challenge to the sentence imposed is not precluded (see People v Pompey, 203 AD3d 1411, 1412 [2022], lv denied 38 NY3d 1009 [2022]). Upon reviewing the record, however, we do not find the agreed-upon sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]) and discern no basis upon which to disturb it. The mere fact that defendant received a lesser term of imprisonment upon his conviction of a similar crime in another county does not alter our conclusion on this point — particularly given that defendant, in the context of the instant plea, reaped the significant benefit of concurrent terms of imprisonment.
Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.