People v Ellithorpe (2022 NY Slip Op 04764)

People v Ellithorpe

2022 NY Slip Op 04764

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

111603
[*1]The People of the State of New York, Respondent,
v
Michael S. Ellithorpe, Appellant.

Calendar Date:June 17, 2022

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Morgan Cosentino of counsel), for respondent.

Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered March 20, 2019, convicting defendant upon his plea of guilty of the crime of attempted rape in the second degree.
Defendant waived indictment and agreed to plead guilty to a superior court information charging him with attempted rape in the second degree with the understanding that he would be sentenced to a prison term of 1½ years followed by 10 years of postrelease supervision. The charge stemmed from defendant's alleged interaction with an individual who informed defendant that she was a 14-year-old girl but, in reality, was an undercover police officer. The plea agreement also required defendant to waive his right to appeal. Defendant entered an Alford plea to the charged crime, and County Court imposed the agreed-upon sentence. This appeal ensued.
We affirm. Defendant executed a written waiver of appeal, after conferring with counsel, that expressly included any challenge to the sentence imposed, as well as "any other matters which [he] may have an appeal as of right or otherwise" — language suggesting a complete bar (emphasis added). County Court did not ask defendant if he had read the written waiver, nor did the court inquire as to whether defendant understood the appellate rights that he was relinquishing (compare People v Carter, 200 AD3d 1312, 1313 [2021]; People v Pizarro, 185 AD3d 1092, 1093 [2020]; People v King, 184 AD3d 909, 910 [2020]). Further, County Court's oral explanation of the waiver was insufficient to advise defendant that some appellate review nonetheless survived (compare People v Vittengl, 203 AD3d 1390, 1391 [2022]; People v Mirel, 194 AD3d 1198, 1199 [2021]). Under these circumstances, we agree that defendant's waiver of the right to appeal is invalid and, therefore, his challenge to the sentence imposed is not precluded (see People v Lenahan, 201 AD3d 1255, 1256 [2022], lv denied 38 NY3d 1008 [2022]). That said, and upon reviewing the record as a whole, we do not find the agreed-upon sentence to be unduly harsh or severe (see CPL 470.15 [6] [b]), and we reject defendant's assertion that modification thereof is warranted because "there was no actual victim" of the crime.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.