People v Cha-Narion D. (2024 NY Slip Op 05917)

People v Cha-Narion D.

2024 NY Slip Op 05917

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CR-22-1865
[*1]The People of the State of New York, Respondent,
v
Cha-Narion D., Appellant.

Calendar Date:October 16, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Aarons, J.P.
Appeal from a judgment of the County Court (Youth Part) of Albany County, (Sherri J. Brooks-Morton, J.), rendered August 29, 2022, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.
Defendant was charged by indictment with attempted murder in the second degree and criminal possession of a weapon in the second degree, stemming from allegations that, when he was 16 years old, he shot a 17-year-old victim with a handgun. Defendant ultimately pleaded guilty to attempted murder in the second degree in satisfaction of the indictment, in exchange for a promised prison sentence of between five and eight years, to be followed by five years of postrelease supervision. At sentencing, defendant requested youthful offender treatment, citing numerous mitigating factors outlined in a sentencing memorandum; in the alternative, he requested imposition of the minimum prison term under the agreement. The People acknowledged that defendant was an "[e]ligible youth" (CPL 720.10 [2]) but opposed youthful offender status based upon the seriousness of defendant's actions in shooting the victim in the back as he fled, asserting that their plea offer had already been reduced upon review of mitigation evidence submitted by defense counsel. County Court summarily denied the request to adjudicate defendant a youthful offender and sentenced him to a prison term of six years, to be followed by five years of postrelease supervision. Defendant appeals, challenging the court's denial of youthful offender status.
The decision whether to deny youthful offender treatment to an eligible youth "rests within the sound exercise of the sentencing court's discretion" (People v Carl, 188 AD3d 1304, 1307 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 37 NY3d 954 [2021]; see People v Thaxton, 222 AD3d 1175, 1179 [3d Dept 2023], lv denied 42 NY3d 927 [2024]). A sentencing court is not statutorily required to explain its reasons for denying youthful offender status for an eligible youth (see People v Minemier, 29 NY3d 414, 419-421 [2017]), and there are no specific statutory criteria a court must use when considering an eligible youth for youthful offender status (compare CPL 720.10 [3], and 720.20 [5] [a], [b], with CPL 720.10 [2], and 720.20 [1] [a]). That said, longstanding authority holds that "the factors to be considered include the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986]; see People v Turner, 174 AD3d 1123, 1126 [3d Dept 2019], lv denied 34 NY3d 985 [[*2]2019]; People v Sheldon O., 169 AD3d 1062, 1063 [2d Dept 2019]; People v Wilson, 165 AD3d 1323, 1324 [3d Dept 2018]). "In undertaking this endeavor, we are mindful that the purpose of according youthful offender treatment is to avoid stigmatizing youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals" (People v Marquis A., 145 AD3d 61, 69 [3d Dept 2016] [internal quotation marks, brackets and citations omitted]).
At sentencing, defense counsel explained that, earlier in the day of the subject crime, the victim had shot [FN1] at the home of defendant's aunt, striking a vehicle occupied by defendant's cousins; when defendant saw the victim hours later near his aunt's home, he impulsively shot him upset over the victim's prior actions. The defense submitted a psychological evaluation conducted shortly after this crime outlining defendant's cognitive deficits, "significant developmental delays" and mental health problems. That documentation, along with defendant's medical, education and police records, disclosed that defendant was diagnosed with ADHD and major depressive disorder, for which he had not received treatment, causing him to struggle to manage his behavioral responses and leaving him prone to impulsivity, and had received some counseling. He was in special education classes at a specialized school due, in part, to his IQ of 65, a classification in the "[e]xtremely [l]ow range," and his individualized education plan notes a disability classification of "emotional disturbance." Psychological testing determined that defendant met the criteria for "borderline intellectual functioning" which contributes to his struggles with judgment and emotional responses. The psychologist opined that certain traumatic and adverse events during defendant's childhood, including periods of homelessness and the unexpected loss of several close family members within a short period of time, negatively impacted his cognitive delays and emotional well-being. The psychologist concluded that defendant's cognitive delays exacerbated the known orientation, due to his age and developing adolescent brain, toward high-risk behaviors and rendered him "highly vulnerable to exploitation if placed in an adult correctional facility."
In denying defendant youthful offender treatment, County Court recited defendant's crime of conviction, acknowledged the mitigating factors outlined by defense counsel at sentencing and noted its consideration of defense counsel's sentencing memorandum, the presentence report, plus "everything [the court] know[s] about the case." Nevertheless, the court explained, defendant was "sitting here in front of me" having made "very bad decisions." Although we cannot say County Court abused its discretion in denying defendant youthful offender treatment (see People v Thomas R.O., 136 AD3d 1400, 1403 [4th Dept 2016]), we are persuaded that [*3]the absence of serious injuries and the manner in which the crime was committed are important mitigating factors (see People v Garcia, 84 NY2d 336, 342 [1994]; People v Cruickshank, 105 AD2d at 334). In addition, defendant has a limited criminal history and juvenile delinquency adjudication, has family support and has engaged in postoffense educational and work efforts. Defendant's offense is, of course, serious — an important but not dispositive consideration — yet the Legislature did not preclude consideration of youthful offender treatment for this crime. Accordingly, we find that the determination to deny defendant youthful offender status was an improvident exercise of discretion and, thus, substitute our own discretion for that of County Court (see People v Carl, 188 AD3d at 1307; People v Soule, 162 AD3d 1407, 1408 [3d Dept 2018], lv denied 32 NY3d 1068 [2018]; People v Thomas R.O., 136 AD3d at 1403). Under all of the circumstances here, "the interest of justice would be served by relieving [defendant, an eligible youth,] from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years" (CPL 720.20 [1] [a]; see People v Sheldon O., 169 AD3d at 1063). Accordingly, defendant is adjudicated a youthful offender, the conviction is "deemed vacated and replaced by a youthful offender finding" (CPL 720.20 [3]), and defendant's sentence is reduced to an indeterminate term of 1&frac13; to 4 years, the maximum sentence that can be imposed for a class E felony (see CPL 720.20 [1] [a]; [3]; Penal Law §§ 60.02 [2]; 70.00 [2] [e]; [3] [b]).
Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, conviction vacated, and defendant is declared to be a youthful offender and sentenced to 1&frac13; to 4 years in prison.

Footnotes

Footnote 1: At sentencing, the People represented that the victim discharged a "paintball gun," and the victim was charged with and later convicted of reckless endangerment in the first degree.